Glenn Zuckerman
**WEITZ & LUXENBERG, PC**
180 Maiden Lane
New York, NY 10038
Tel:   (212) 558-5500
Fax:   (212) 363-2721



IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW YORK

| | |
|---|---|
| **DENNIS RINI, as Proposed Administrator** of the Estate of **EILEEN ANDERSON,** Deceased,<br><br>Plaintiff,<br><br>v.<br><br>MERCK & CO., INC., a Domestic Corporation,<br><br>Defendant. | 07 CV 3292<br><br>CIVIL CASE # _____<br><br>JUDGE SWEET<br><br>JURY TRIAL DEMANDED |

### COMPLAINT

COMES NOW, **DENNIS RINI**, as Proposed Administrator of the Estate of EILEEN **ANDERSON** (hereinafter referred to as "Plaintiff Eileen Anderson"), complaining of Merck & Co., Inc., (Defendant "Merck"), and for his cause of action against the Defendants states as follows:

### Statement of the Parties

1. Plaintiff is as follows:

   a.   DENNIS RINI is an individual, who resides in Kansas City, Kansas who brings this suit on behalf of himself, as a proposed representative of the Estate of EILEEN ANDERSON.

b. Dennis Rini is the surviving brother of Eileen Anderson. Plaintiff brings these claims in his capacity as the statutory and common law heir of Decedent and for the lawful wrongful death and survival claims. Plaintiff is the surviving heir of Decedent and the successor in interest to causes of action of Decedent for economic damages, non-economic damages, special damages and punitive damages that survived decedent's death. Plaintiff represents the interests of the Estate of Eileen Anderson in the instant litigation.

2. Defendant Merck & Co., Inc. (hereinafter referred to as "Merck"), is incorporated in the State of New Jersey and has its principal place of business in White House Station, New Jersey. At all times relevant herein, Merck was in the business of designing, testing, manufacturing, labeling, advertising, marketing, promoting, selling and distributing pharmaceuticals and other products, including Vioxx®. Merck does business by agent in New York and, on information and belief, at all times relevant, advertised, marketed, promoted, sold and/or distributed Vioxx® in New York.

3. When the word "Defendant" is used herein, it is meant to refer to the Defendant mentioned in the style of this Complaint, who is liable to Plaintiffs for injuries sustained.

**Jurisdiction and Venue**

4. Jurisdiction of this Court exists pursuant to 28 U.S.C. § 1332, in that the Plaintiff is a citizen of a state other than the State in which Merck & Co., Inc. Defendants are incorporated and/or have their principal office for the transaction of business.

5. The matter in controversy exceeds $75,000, exclusive of interest and costs and there is complete diversity of citizenship between the Plaintiff and Merck & Co., Inc. Defendant.

6. At all relevant times herein, the Defendant Merck & Co., marketed, advertised and distributed the dangerous product in this district, thereby receiving substantial financial benefit and profits from sales of the dangerous product in this district, and reside in this district under 28 U.S.C.A. § 1391 ©, such that venue is proper.

7. At all relevant times herein, the Defendant Merck & Co., were in the business of designing, manufacturing, marketing, developing, testing, labeling, promoting, distributing, warranting and selling their product, Vioxx.

8. The Defendant Merck & Co., at all times relevant hereto designed, developed, manufactured, promoted, marketed, distributed, tested warranted and sold in interstate commerce including New York the aforementioned prescription drug. The Defendant Merck & Co., do substantial business in the State of New York and within this District, advertise in this District, receive substantial compensation and made misrepresentation and breaches of warranties in this District so as to subject them to *in personam* jurisdiction in this District. In engaging in the conduct alleged herein, the Defendant Merck & Co., acted as the agent of the predecessor in interest.

## Statement of the Facts

9. This is a civil action brought on behalf of the above-styled Plaintiffs, who were given the prescription medication Vioxx® (Rofecoxib) for the following:

   a. Plaintiff Eileen Anderson took Vioxx® (Rofecoxib) 25 mg per day as recommended by her healthcare provider prior to suffering a stroke, heart attack and death on April 20, 2005.

10. Personal jurisdiction and subject matter jurisdiction are appropriate in this court,

0

during the time of ingestion of Vioxx and until her death Plaintiff was a resident of Nassau County, state of New York.

11. The Defendant has been and/or is currently engaged in business, directly or by authorized agent, in the State of New Jersey. Venue and jurisdiction are therefore proper. The claims of the Plaintiffs herein satisfy the jurisdictional amount of this Court.

12. Vioxx® (Rofecoxib) is a prescription drug designed to treat pain through reduced inflammation; Vioxx® (Rofecoxib) is a cox-2 selective non-steroidal anti-inflammatory agent (NSAID). Defendant did manufacture, design, package, market, sell and distribute this drug. The Defendant encouraged the use of this drug through an aggressive marketing campaign, including through its detail sales representatives and direct-to-consumers. Defendant misrepresented the safety and effectiveness of this drug and concealed or understated its dangerous side effects. Defendant's actions contributed to cause Plaintiffs injuries.

13. At all times relevant hereto, Defendant actually knew of the defective nature of their product as herein set forth, yet continued to design, manufacture, market, distribute and sell their product so as to maximize sales and profits at the expense of the general public's health and safety in conscious disregard of the foreseeable harm caused by these products. Defendant's conduct exhibits such an entire want of care as to establish that their actions were a result of fraud, ill will, recklessness, gross negligence or willful and intentional disregard to the Plaintiffs individual rights, and hence punitive damages are appropriate.

## COUNT I – STRICT PRODUCTS LIABILITY

14. Plaintiffs incorporate by reference all other paragraphs of this Complaint as fully set forth herein and further allege:

1

15. Vioxx® (Rofecoxib), as designed, manufactured, sold and/or supplied by Defendant Merck, was placed into the stream of commerce by Defendant Merck in a defective and unreasonably dangerous condition taking into consideration the utility of the product and the risks involved with the drug's use.

16. Further, Vioxx® (Rofecoxib), as designed, manufactured, distributed, sold and/or supplied by Defendant Merck was defective in marketing due to inadequate warnings, instructions, and/or labeling.

17. Vioxx® (Rofecoxib), as designed, manufactured, distributed, sold and/or supplied by Defendant Merck was defective due to inadequate testing.

A. **DESIGN AND MARKETING DEFECT.**

18. Plaintiff incorporates by reference all other paragraphs of this Complaint as fully set forth herein and further allege:

19. Vioxx® (Rofecoxib) was defective in design and/or formulation in that, when it left the hands of Defendant Merck and/or its representatives, the foreseeable risks of serious harm posed by this drug was sufficiently great in relation to its alleged benefits. The foreseeable risks of serious harm were so much so that Plaintiff Decedent Eileen Anderson, and the general public, having known of such foreseeable risks and alleged benefits, would not have ingested Vioxx® (Rofecoxib).

20. Vioxx® (Rofecoxib) was also defective due to, not only inadequate warnings and misrepresentations to the general public, but, also, inadequate warnings and misrepresentations to healthcare professionals. Defendant Merck knew that had healthcare professionals been adequately warned of the serious risks of injury to their patients, healthcare professionals would not have prescribed Vioxx® (Rofecoxib) to said patients.

2

21. Vioxx® (Rofecoxib) was defective due to inadequate testing <u>both</u> before Defendant Merck became aware of the risks of ingesting the drug and after Defendant Merck became aware of the risks of ingesting the drug.

22. As the producing and direct cause and legal result of: 1) the design defect of the Vioxx® (Rofecoxib) drug; 2) the marketing defect of the Vioxx® (Rofecoxib) drug due to the Defendant Merck's failure to adequately warn consumers; and 3) the defective condition of the Vioxx® (Rofecoxib) drug as manufactured and supplied by Defendant Merck and it's representatives, Plaintiff Decedent Eileen Anderson have suffered injuries and monetary damages.

B. **INADEQUATE AND IMPROPER WARNINGS.**

23. Plaintiffs incorporate by reference all other paragraphs of this Complaint as fully set forth herein and further allege:

24. Defendant Merck was the manufacturer, developer and/or supplier of Vioxx® (Rofecoxib). Vioxx® (Rofecoxib) drug, as manufactured and supplied to healthcare professionals and the general public, was unaccompanied by proper warnings regarding the risk of developing serious coronary heart disease after ingesting the drug. Further, Defendant Merck failed to warn of these serious risks after Defendant Merck had knowledge of same. The information provided to consumers did not reflect Defendant Merck's knowledge that Vioxx® (Rofecoxib) was not safe and effective as indicated in its aggressive marketing campaign. Nor were consumers made aware that ingesting the drug could result in serious injury, pain and discomfort and/or death. Full and proper warnings that accurately and fully reflected the risks of serious injury and/or sudden death due to the ingestion of Defendant Merck's Vioxx® (Rofecoxib) should have been disclosed with respect this drug.

25. As the producing cause and legal and direct result of the failure to warn consumers of the defective condition of Vioxx® (Rofecoxib), as manufactured and/or supplied by Defendant Merck and it's representatives, Plaintiff has suffered injuries and monetary damages.

## COUNT II - FRAUD

26. Plaintiffs incorporate by reference all other paragraphs of this Complaint as fully set forth herein and further allege:

27. Defendant Merck fraudulently represented to the general public, as well as healthcare professionals, that Vioxx® (Rofecoxib) was a safe and effective drug. Defendant Merck made this representation while knowing that, if healthcare professionals and consumers knew of the serious risks associated with the ingestion of the Vioxx® (Rofecoxib) drug, they would not prescribe and/or ingest this drug. Defendant Merck knew its representations to be false, and Plaintiff Decedent Eileen Anderson relied on Defendant Merck's false representations in his ingestion of Vioxx® (Rofecoxib). These fraudulent representations by Defendant Merck were a proximate cause of the injuries to and monetary losses of Plaintiff.

## COUNT III – NEGLIGENCE

28. Plaintiffs incorporate by reference all other paragraphs of this Complaint as fully set forth herein and further allege:

29. Defendant Merck and its representatives were merchants or sellers of Vioxx® (Rofecoxib). Defendant Merck had a duty to exercise reasonable care in the design, manufacturing, marketing, sale, testing and/or distribution of this drug into the stream of commerce. Defendant Merck failed to exercise ordinary care in the design, manufacturing, marketing, sale, testing, and/or distribution of the Vioxx® (Rofecoxib) drug into interstate commerce. Defendant Merck knew, or

should have known, that its Vioxx® (Rofecoxib) drug greatly increased Plaintiff Decedent Eileen Anderson risks of having a heart attack and/or stroke, or causing sudden cardiac death.

30. Despite the fact that Defendant Merck knew, or should have known that Vioxx® (Rofecoxib) could cause the injuries and/or risk of death to Plaintiff Decedent Eileen Anderson, this Defendant continued to market, distribute, and sell Vioxx® (Rofecoxib) to the public.

31. Defendant Merck knew, or should have known that consumers, such as Plaintiff Decedent Eileen Anderson would foreseeably suffer such injuries and/or risk of death as a result of Defendant Merck's failure to exercise ordinary care as described above. Moreover, after Defendant Merck became aware of the serious risks of ingesting Vioxx® (Rofecoxib), it owed a legal duty to Plaintiff, and the general public, to disclose that knowledge. Defendant Merck's breach of duty to disclose this information was a proximate cause of the injuries to Plaintiff

## COUNT IV – NEGLIGENT MISREPRESENTATIONS

32. Plaintiffs incorporate by reference all other paragraphs of this Complaint as fully set forth herein and further allege:

33. Defendant Merck represented and marketed the Vioxx® (Rofecoxib) drug as being safe and effective. After Defendant Merck became aware of the risk of ingesting Vioxx® (Rofecoxib), however, Defendant Merck failed to communicate to Plaintiff and/or the general public, that the ingestion of this drug could cause a person to have a heart attack and/or stroke, or that Vioxx® (Rofecoxib) could cause serious coronary heart disease and/or the risk of death to the person ingesting the drug.

34. Therefore, Plaintiff brings this cause of action against Defendant Merck under the theory of negligent misrepresentation for the following reasons:

      a)     Plaintiff incorporates all facts and allegations previously stated in this Complaint;

      b)     Defendant Merck failed to warn Plaintiffs, and other consumers, of the defective condition of the Vioxx® (Rofecoxib), as manufactured and/or supplied by the Defendant Merck;

      c)     Defendant Merck, individually, and through its agents, representatives, distributors and/or employees, negligently misrepresented material facts about Vioxx® (Rofecoxib) in that they made such misrepresentations when they knew or reasonably should have known of the falsity of such misrepresentations. Alternatively, Defendant Merck made such misrepresentations without exercising reasonable care to ascertain the accuracy of these representations;

      d)     The above misrepresentations were made to Plaintiffs, as well as the general public;

      e)     Plaintiff Decedent Eileen Anderson and their healthcare providers justifiably relied on Defendant Merck's misrepresentations; and

      f)     Consequently, Plaintiff Decedent Eileen Anderson's ingestion of Vioxx® (Rofecoxib) was to their detriment. Defendant Merck's negligent misrepresentations proximately caused Plaintiffs' injuries and monetary losses.

## COUNT V – EXPRESSED WARRANTY FOR GOODS

35.     Plaintiff incorporates by reference all other paragraphs of this Complaint as fully set forth herein and further allege:

36. Defendant Merck breached its express warranty of goods. Defendant Merck was a merchant and/or seller of Vioxx® (Rofecoxib). Defendant Merck sold this drug to consumers for the ordinary purpose for which such drugs are used by consumers. Defendant Merck owed a legal duty to Plaintiff Decedent Eileen Anderson and the public in general, to disclose its knowledge of the serious risks of ingesting Vioxx® (Rofecoxib) as marketed. This breach of duty by Defendant Merck was a proximate cause of the injuries and monetary loss to Plaintiffs.

### COUNT VI – IMPLIED WARRANTY

A. **WARRANTY OF MERCHANTABILITY.**

37. Plaintiffs incorporate by reference all other paragraphs of this Complaint as fully set forth herein and further allege:

38. Defendant Merck breached its implied warrant of merchantability. Defendant Merck was a merchant and/or seller of Vioxx® (Rofecoxib). Defendant Merck sold this drug to Plaintiff Decedent Eileen Anderson and other consumers, for the ordinary purpose for which such drug is used by consumers. Vioxx® (Rofecoxib) was defective, or unmerchantable, i.e., not fit for the ordinary purposes for which such drugs are used. A defect or defects in the use of this drug for its ordinary purposes caused injuries and monetary losses to Plaintiffs.

B. **WARRANTY OF FITNESS.**

39. Plaintiff incorporates by reference all other paragraphs of this Complaint as fully set forth herein, and further allege:

40. Defendant Merck breached its implied warranty of fitness. Defendant Merck sold Vioxx® (Rofecoxib), and, at the time of the sale of this drug, Defendant Merck knew or had reason to know of a particular purpose for which the drug was to be used. At the time of the sale of the drug

to Plaintiff Decedent Eileen Anderson, Defendant Merck knew, or had reason to know, that Plaintiff Decedent Eileen Anderson, was relying on the skill and judgment of Defendant Merck to select or furnish a suitable product for the intended purpose. At the time of sale of the drug to Plaintiff Decedent Eileen Anderson, Defendant Merck exercised its skill and judgment in the selection of this drug as safe and effective, and Plaintiff Decedent Eileen Anderson relied thereon. Vioxx® (Rofecoxib) was not reasonably fit and/or suitable for the use for which it was selected. Failure of Defendant Merck to select and sell a product which was reasonably safe for its intended use proximately caused the injuries and monetary losses to Plaintiff.

## COUNT VIII – SURVIVAL ACTION

41. Plaintiffs incorporate by reference herein the foregoing paragraphs in this Complaint as though fully set forth herein.

42. Defendant acted in conscious disregard for the safety of decedent with respect to matters alleged herein. Said disregard resulted in injuries and special damages, and warrants recovery of punitive damages by decedent's successors in interest against said defendants.

## COUNT IX – WRONGFUL DEATH

43. Plaintiffs incorporate by reference herein the foregoing paragraphs in this Complaint as though fully set forth herein.

44. Plaintiffs are entitled to recover economic and non-economic damages against defendant for the wrongful death of Decedent because said death was directly and legally caused by the negligent acts, errors, omissions and intentional and negligent misrepresentations of defendant. Plaintiffs bring their suit for all claims and damages authorized under New York law.

45. Plaintiffs were deprived of Decedent's love, companionship, comfort, support,

affection, society, solace and moral support by Defendants' negligence and reckless acts.

46. Said reckless acts were conducted in conscious and malicious disregard for the rights of plaintiffs. Said disregard resulted in injuries and special damages, and warrants recovery of punitive damages by plaintiffs against defendant.

## DAMAGES

47. Upon the trial of this case, it will be shown that Plaintiff was caused to sustain serious injuries and damages as a proximate result of Defendant Merck's conduct. Plaintiff will respectfully request the Court and Jury to determine the amount of the loss Plaintiff have incurred in the past and will incur in the future, not only from a financial standpoint, but also in terms of good health and freedom from pain and worry.

## PUNITIVE DAMAGES

48. At all times relevant hereto, Defendant Merck actually knew of the defective nature of Vioxx® (Rofecoxib) as set forth herein and continued to design, manufacture, market, distribute and sell Vioxx® (Rofecoxib) so as to maximize sales and profits at the expense of the public's health and safety and in conscious disregard of the foreseeable serious harm caused by Vioxx® (Rofecoxib) Defendant Merck's conduct exhibits such an entire want of care as to establish that its actions were a result of fraud, ill will, recklessness, and/or willful and intentional disregard for the safety and rights of Plaintiff, as well as the general public and/or consumers of Vioxx® (Rofecoxib). Plaintiff, therefore, are entitled to punitive damages for such gross negligence.

## JURY DEMAND

49. Plaintiff hereby requests a trial by jury on all issues in this case.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff pray that upon trial hereof, the Court grant:

1. Judgment against Defendant Merck for actual damages, as set forth above, in an amount in excess of the minimum jurisdictional limits of this Court;

2. Interest on said Judgment, at the legal rate from the date of the Judgment;

3. Plaintiffs' medical expenses; pain and suffering; and costs of this suit;

4. Plaintiffs' lost wages;

5. Plaintiffs' physical impairment; pain and suffering; and mental anguish;

6. Damages for the wrongful death and survival causes;

7. Prejudgment interest as allowed by law;

8. Any additional damages and punitive damages under the facts set forth in this or any amended pleading(s); and

9. For such other and further relief to which Plaintiffs may show to be justly entitled, both in law and in equity.

DATED:   April 23, 2007

Respectfully Submitted,

_____
Glenn Zuckerman
WEITZ & LUXENBERG, PC
180 Maiden Lane
New York, NY 10038
Tel:   (212) 558-5500
Fax:   (212) 363-2721
Attorneys for Plaintiffs